UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**GABRIEL PACE,**

    **Plaintiff,**

    v.

**DEUTSCHE BANK NATIONAL TRUST AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FFI6, ASSET-BACKED CERTIFICATES, SERIES 2006-FF16,** *et al.***,**

    **Defendants.**

Case No. 2:18-cv-195
JUDGE SMITH
Magistrate Judge Jolson

## OPINION AND ORDER

Presently pending before the Court is Defendants Deutsche Bank National Trust Company; Bank of America, N.A.; and Specialized Loan Servicing's Motions to Dismiss Plaintiff Gabriel Pace's Complaint. (Docs. 7 and 20). Plaintiff did not respond to either motion and no replies in support were filed. The time for any such filings has lapsed and this matter is now ripe for disposition. For the reasons that follow, Defendants' Motions to Dismiss are **GRANTED**.

### I. BACKGROUND

On September 26, 2006, Gabriel Pace ("Plaintiff" or "Pace") executed two notes and two mortgages. First, Plaintiff effected a Note promising to the Note Holder the principal amount of the loan—$472,000—plus interest. (Doc. 7-2, Compl. in Foreclosure). Plaintiff then secured a mortgage which granted to Mortgage Electronic Registration Systems, Inc. ("MERS"), its

successors and assigns, a security interest in 7541 Milford Ave., Westerville, OH 43082 ("Property"). (*Id.*). Plaintiff then executed the second note and mortgage on the Property, originally in the amount of $118,000. (Doc. 7-4, Title Ins. Commit.). On March 22, 2007, MERS assigned the first mortgage to Deutsche Bank National Trust Company ("Deutsche Bank"). (Doc. 7-3, Assign. of Mort.).

Plaintiff defaulted on both mortgages. On April 2, 2007, Deutsche Bank brought a foreclosure action against Plaintiff in the Delaware County, Ohio Court of Common Pleas. (Doc. 7-2). On May 3, 2007, Deutsche Bank moved for summary judgment, which was granted on July 31, 2007. (Doc. 7-5, State S.J. Ord.). The court issued a Judgment entry and Decree of Foreclosure on July 31, 2007. (*Id.*). Plaintiff elected not to appeal the state court's valid final judgment. (*See* Doc. 7-6, State Docket).

On March 6, 2018, Plaintiff filed suit in this Court asserting 20 claims against Deutsche Bank, Bank of America, N.A. ("BANA"), and Specialized Loan Servicing ("SLS") (collectively "Defendants"). Plaintiff's Complaint alleges that Defendants' conduct before and after the foreclosure proceedings was contrary to law. (*See generally* Doc. 1, Compl.). Defendants now submit that Plaintiff's claims are barred under: 1) the *Rooker-Feldman* doctrine; 2) the doctrine of res judicata; and 3) Rule 12(b)(6). (*See generally* Docs. 7-1 and 20-1).

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Defendants[1] bring their motions pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that this Court lacks subject matter jurisdiction over Plaintiff's claims, asserting that the Court is barred from hearing the claims pursuant to the *Rooker-Feldman* doctrine.

---

[1] Defendants Deutsche Bank and BANA mistakenly characterize their motion to dismiss for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* under Rule 12(b)(6). (*See* Doc. 7, Mot. at 2). A motion to dismiss for lack

2

Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegation. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

**B.**     **Rule 12(c)**

Defendants also bring their motions to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, alleging that Plaintiff's claims are precluded under the doctrine of res judicata.

---

of subject matter jurisdiction is most appropriately brought pursuant to Rule 12(b)(1). *See Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.2d 929, 936–37 (6th Cir. 2002) (interpreting *Rooker-Feldman* to be a limitation on a court's jurisdiction).

3

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan*

*Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

### III. DISCUSSION

Defendants are now before the Court moving to dismiss Plaintiff's Claims on the bases of: 1) *Rooker-Feldman*, 2) res judicata, and 3) Plaintiff's failure to state a claim upon which relief can be granted. The Court will address these arguments in turn.

**A.** *Rooker-Feldman*

The first issue before the Court is whether this Court has subject matter jurisdiction over Plaintiff's claims. *Rooker-Feldman* limits a district court's jurisdiction over cases and controversies. *See Tropf*, 289 F.2d at 936–37. A motion to dismiss for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* is a facial attack of a court's subject matter jurisdiction. *King v. CitiMortgage, Inc.*, No. 2:10-CV-01044, 2011 WL 2970915, at *5 (S.D. Ohio July 20, 2011) (Graham, J.).

The *Rooker-Feldman* doctrine originates from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In each case, the Court found that the lower federal courts lacked subject matter jurisdiction over the controversies because, pursuant to 28 U.S.C. § 1257, the Supreme Court alone has appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414–15; *Feldman*, 460 U.S. at 478–79.

The Supreme Court revisited the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). In *Exxon*, the Supreme Court stated that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

After *Exxon*, the Sixth Circuit has narrowly construed *Rooker-Feldman*. *See Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006). To determine the applicability of the *Rooker-Feldman* doctrine, the Sixth Circuit has adopted the "source of the injury" test. *See McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2007). The district court must determine whether the "source of the injury is the state court decision," if so, "then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Id.* The Sixth Circuit has emphasized that "the pertinent inquiry after *Exxon* is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (quoting *McCormick*, 451 F.3d at 393–395). Thus, "if the plaintiff has a claim that is in any way independent of the state-court judgment, the *Rooker-Feldman* doctrine will not bar a federal court from exercising jurisdiction." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (footnote omitted).

Therefore, this Court must make the determination as to whether Plaintiff seeks relief from the state court judgment itself or if there is any independent source from which he is seeking relief. The Sixth Circuit has found that claims based on the conduct which gave rise to the state court proceedings originate out of an independent source from the state court judgment. *See Kovacic*, 606 F.3d at 310; *Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 241 F. App'x 285, 289 (6th Cir. 2007); *Brown v. First Nationwide Mortg. Corp.*, 206 F. App'x 436, 439 (6th Cir. 2006).

### 1. Counts One through Seventeen, Nineteen, and Twenty

Pace is before this Court seeking relief after a state court has issued a valid final judgment in a foreclosure action. (*See* Docs. 1, Compl., and 7-5, State S.J. Ord.). The case at bar appears to be factually similar to *Brown*. The plaintiff in *Brown* filed suit in federal court after a state foreclosure proceeding, alleging: "fraud, breach of the duty of good faith, rescission of the sale of real property, conversion, breach of a settlement agreement, and intentional infliction of emotional distress" against a defendant mortgage lender. *Brown*, 206 F. App'x at 438. The district court dismissed Brown's claims against the mortgage lender finding that *Rooker-Feldman* stripped the court of subject matter jurisdiction. *Id.* On appeal, the Sixth Circuit overturned the district court, finding that "the source of the injury asserted by Brown's complaint is the defendant's conduct, not the state court judgment[.]" *Id.* at 440.

Like the plaintiff in *Brown*, in Counts 1, 2, 5–17, and 19, Pace has asserted claims against Defendants to include: fraudulent conduct before and throughout the foreclosure proceedings; violation of federal laws before and throughout the foreclosure proceedings; breach of the duty of good faith; and conversion. (*See generally* Doc. 1, Compl.). Given the factual similarities between the facts of this case and *Brown*, this Court finds that the source of Plaintiff's injury upon which he bases Claims 1, 2, 5–17, and 19 is the Defendants' conduct which gave rise to the state court proceedings, rather than the state court judgment itself. Thus, *Rooker-Feldman* is inapplicable to Counts 1, 2, 5–17, and 19.

In Counts 3 and 4, Pace has asserted claims that may be predicated on Defendants' unlawful conduct in collecting the money judgment after the adjudication of the foreclosure proceedings.[2] (*See* Doc. 1, Compl. at ¶¶ 17–23 and 94–95). The source of injury of these

---

[2] It is unclear from Plaintiff's Complaint which alleged facts give rise to Counts 3 and 4. (*See* Doc. 1, Compl. at ¶¶ 17–23). As "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings[,]" for

claims may not be the state court judgment itself, but rather Defendants' allegedly unlawful methods of collecting the state judgment. As such, *Rooker-Feldman* would not act as a bar to this Court's jurisdiction over Claims 3 and 4.

*Rooker-Feldman* does not bar this Court from hearing Count 20. In Count 20, Plaintiff is seeking to collect damages to recoup resources spent in litigating both the state case and the current federal case. While the Court acknowledges that Count 20 is not predicated on a recognized cause of action, the Court also finds that *Rooker-Feldman* does not strip this Court of subject matter jurisdiction over the claim because the source of Plaintiff's injury is independent from the state court judgment.

### 2. Count Eighteen

In Count 18, Plaintiff alleges that Defendants were unjustly enriched when Plaintiff paid Defendants the balance and accrued interest of the loan. (Doc. 1, Compl. at ¶¶ 82–86). The Court finds that *Rooker-Feldman* bars the Court from hearing this claim. The unjust enrichment claim does not arise out of the conduct which gave rise to the initial foreclosure action. Instead, the source of injury for Plaintiff's unjust enrichment claim is the state court judgment itself, as the state court ordered Plaintiff to pay the remaining balance of the loan, plus interest, to Defendants. (Doc. 7-5, State S.J. Ord.). Accordingly, because in Count 18 Plaintiff seeks relief from the state court judgment itself, this Court lacks subject matter jurisdiction as to Plaintiff's unjust enrichment claim.

---

*Rooker-Feldman* purposes, this Court will apply a liberal interpretation of Counts 3 and 4. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Such an interpretation for *Rooker-Feldman* purposes is not a finding that Plaintiff has met Rule 8's pleading requirements.

Thus, the Court finds that *Rooker-Feldman* does not deprive this Court of subject matter jurisdiction over Counts 1–17, 19, and 20. However, the Court does not have subject matter jurisdiction over Count 18; as such, the Court grants Defendants' Motions to Dismiss Count 18.

**B.      Res Judicata**

The Court now addresses whether Plaintiff is precluded by the doctrine of res judicata from asserting the remaining claims. In *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984), the Supreme Court stated that "[i]t is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* at 89. "Under Ohio law, the doctrine of res judicata consists of the two related concepts of claim preclusion . . . and issue preclusion." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (internal quotation marks omitted). Defendants assert that Plaintiff's claims are barred by claim preclusion. (Docs. 7-1, BANA/Deutsche Mem. at 13, and 20-1, SLS Mem. at 2).[3] Claim preclusion, under Ohio law, consists of four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Winget v. JPMorgan Chase Bank, N.A.*, 537 F.d 565, 577–78 (6th Cir. 2008) (quoting *Browning v. Levy*, 283 F.3d 761, 771–72 (6th Cir. 2002)). The Court will now address whether each of the four elements have been met.

---

[3] While SLS did not expressly argue that Plaintiff's claims are barred by claim preclusion, SLS adopted and incorporated "the facts, case law, and legal arguments" asserted in Deutsche Bank and BANA's Motion to Dismiss. (Doc. 20, Mot. at 2).

### 1. Valid Final Judgment on the Merits

On July 31, 2007, the Delaware County Court of Common Pleas granted Deutsche Bank's Motion for Summary Judgment in its foreclosure action against Gabriel Pace (Plaintiff in the current case). (Doc. 7-5, State S.J. Ord.). A judgment in a foreclosure action is a final decision on the merits of the case. *See CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, ¶ 19 (citing Ohio Rev. Code § 2505.02(B)(1)). Thus, the Court finds that there was a valid final judgment on the merits in the state foreclosure action.

### 2. Same Parties or Privies Thereof

Deutsche Bank and Plaintiff were parties in the prior action. (*See* Docs. 7-2, Compl. in Foreclosure and 7-5, State S.J. Ord.). The Court must now determine whether BANA and SLS are in privity with a party in the prior case. Courts within Ohio "have applied a broad definition to determine whether the relationship between the parties is close enough to invoke" res judicata. *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8. For the purpose of claim preclusion, loan servicers are in privity with lenders. *Dale v. Selene Fin. LP*, No. 3:15CV1762, 2016 WL 1170772 at *7 (N.D. Ohio Mar. 25, 2012) (citations omitted). Because both BANA and SLS are loan servicers, the Court finds that BANA and SLS are in privity with Deutsche Bank (the lender) for claim preclusion purposes.

### 3. Claims Litigated or Could Have Been Litigated in Prior Action

Claims brought forth in a subsequent action need not have been *actually* litigated in the prior action; "[a]s the 'could have' phrasing implies, this element concerns only the legal possibility of bringing the disputed claims in the previous action." *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 416 (6th Cir. 2016) (citations omitted). Thus, the scope of this prong "precludes litigati[on of] a claim or defense that should have been raised . . . in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citations omitted).

Plaintiff could have brought Claims 1, 2, 5–17, and 19 against Defendants in the previous suit. Plaintiff knew of the conduct for which he now seeks redress at the time of the foreclosure case as these claims are based upon Defendants' actions prior to and throughout the foreclosure proceedings. (*See generally* Doc. 1, Compl.). Thus, the Court finds that Claims 1, 2, 5–17, and 19 could have been litigated in the prior action.

### 4. Same Transaction or Occurrence

The last element of res judicata is satisfied if the claims "arose of the same core of operative facts." *Browning*, 283 F.3d at 774 (citation and internal quotation marks omitted). The subject of the state foreclosure action was the notes and mortgages executed on Plaintiff's property. (*See* Docs. 7-2, Compl. in Foreclosure and 7-5, State S.J. Ord.). Counts 1, 2, 5–17, and 19 allege that Defendants acted contrary to law when executing the notes and mortgages that were the subject of the previous state judgment. (*See generally* Doc. 1, Compl.). Thus, Counts 1, 2, 5–17, and 19 arose out of the same operative facts that gave rise to the state foreclosure proceedings and the fourth element of res judicata is met.

The Court finds that the doctrine of res judicata bars Plaintiff from litigating Counts 1, 2, 5–17, and 19. Accordingly, the Court shall grant Defendants' Motion to Dismiss Counts 1, 2, 5–17, and 19.

### C. Failure to State a Claim

As an alternative to the jurisdictional arguments, Defendants argue that Plaintiff has failed to state a claim on the remaining claims. The Court will address the remaining claims in turn.

#### 1. Count Three: Violations of the Fair Debt Collection Practices Act

To successfully allege a violation of the Fair Debt Collection Practices Act ("FDCPA") a plaintiff must show that: (1) plaintiff is a " 'consumer' as defined by the Act; (2) the 'debt' . . . arise out of transactions which are 'primarily for personal, family, or household

purposes'; (3) defendant [is] a 'debt collector' as defined by the Act; and (4) defendant . . . violated § 1692e's prohibitions." *Sohi v. Diversified Adjustment Serv., Inc.*, No. 1:15-CV-563, 2016 WL 2745298, at *6 (S.D. Ohio May 10, 2016) (citation omitted). Plaintiff has failed to assert three of the required elements. Plaintiff has not asserted that: 1) he is a consumer as defined in 15 U.S.C. § 1692; 2) that Defendants are "debt collectors"; and 3) that the debt arose out of transactions that Plaintiff entered into "primarily for personal, family, or household purposes." (*See* Doc. 1, Compl. at ¶¶ 17–20).

Furthermore, Plaintiff has failed to provide Defendants with sufficient factual support of the FDCPA claim. After the Supreme Court's decisions in *Twombly* and *Iqbal*, a "plaintiff must present a facially plausible complaint assert more than bare legal conclusions." *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018) (citing *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 677–678). Plaintiff's Complaint fails to present any facts in support of his FDCPA claim; instead, Plaintiff merely asserts "bare legal conclusions." (*See* Doc. 1, Compl. at ¶¶ 17-20). As such, Plaintiff has failed to meet the pleading standard established in *Twombly* and *Iqbal*.

In addition to arguing that Plaintiff has failed to sufficiently plead a violation of FDCPA, Defendants also assert that Plaintiff's FDCPA claim is barred by the applicable statute of limitations. (Doc. 7-1, BANA/Deutsche Mem. at pp. 9–10). But because Plaintiff has not sufficiently detailed the conduct which gives rise to this Claim, the Court declines to decide as to whether the statute of limitations has run. Thus, for the foregoing reasons, this Court dismisses Count Three of Plaintiff's Complaint.

### 2. Claim Four: Violation of the Fair Credit Reporting Act (FCRA)

In Count Four of the Complaint, Plaintiff alleges that Defendants violated the Fair Credit Reporting Act ("FCRA"). (Doc. 1, Compl. at ¶¶ 21–23). "Only one provision of the FCRA

applies to those who furnish credit information—15 U.S.C. § 1681s-2 . . . ." *King*, 2011 WL 2970915, at *10. To establish a violation of this section of the FCRA, a plaintiff must allege defendants' *willful* failure to comply with the statute's requirements. *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012) (citations omitted).

Plaintiff has not asserted that Defendants' alleged violation of the statute was willful. (*See* Doc. 1, Compl. at ¶¶ 21–23). Because Plaintiff has failed to plead the necessary elements of a violation of the FCRA, the Court grants Defendants' Motions to Dismiss Count 4.

### 3. Claim Eighteen: Unjust Enrichment

In the alternative, even if *Rooker-Feldman* does not limit this Court's subject matter jurisdiction as to Count 18, Plaintiff is nonetheless barred from asserting an unjust enrichment claim against Defendants. In Count 18, Plaintiff alleges that Defendants have been unjustly enriched as Plaintiff paid the principal and interest of the debt on May 21, 2009. (Doc. 1, Compl. at ¶ 83). Defendants argue that the existence of a written contract bars Plaintiff from asserting an unjust enrichment claim. (Doc. 7-1, BANA/Deutsche Mem. at pp. 21–22). "To establish unjust enrichment" under Ohio law, "a plaintiff must demonstrate '(1) a benefit conferred upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances it would be unjust to do so without payment[.]' " *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009) (change in the original, citation omitted). Furthermore, "Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject." *Id.* (internal quotation marks and citation omitted).

In his Complaint, Plaintiff has acknowledged the existence of written promissory notes. (*See* Doc. 1, Compl. at ¶¶ 9 and 25–28). Thus, given the existence of a written contract between

13

the parties, Plaintiff is barred under applicable law from obtaining relief under the theory of unjust enrichment. To the extent that *Rooker-Feldman* does not strip this Court of subject matter jurisdiction over Count 18, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court grants Defendants' Motion to Dismiss Count 18.

### 4. Claim Twenty: Claim for Attorney's Fees and Costs

In Count 20, Plaintiff asserts a cause of action predicated on recovering attorneys' costs and fees. (Doc. 1, Compl. at ¶¶ 94–95). However, as Defendants correctly point out in their response, a claim of "Attorney's Fees and Costs" is not a recognized cause of action in this Court. (*See* Doc. 7-1, BANA/Deutsche Mem. at pp. 23–24). Thus, Count 20 is dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's Complaint. All of Plaintiff's claims are hereby **DISMISSED**. The Clerk is directed to remove Documents 7 and 20 from the pending motions list and enter final judgment in favor of the Defendants.

**IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**